MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:     (212) 317-1200
Facsimile:     (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

|  |  |
|---|---|
| VICTOR CHOLULA, | **COMPLAINT** |
| *Plaintiff*, | **06 CV 7740 (GEL)** |
| -against- | **Jury Trial Demanded** |
| B & B STREET MARKET CORP., | |
| *Defendant.* | **ECF Case** |

-------------------------------------------------------X

Plaintiff Victor Cholula ("Plaintiff" or "Cholula"), by and through his undersigned

counsel, Michael Faillace & Associates, P.C., complains of Defendant B & B Street Market

Corp., as follows:

### NATURE OF ACTION

1.      Plaintiff was employed by Defendant from on or about 1991 to on or about

December 16, 2005 and worked in Defendant's deli located at 1566 Third Avenue in Manhattan.

Defendant maintained a policy and practice of requiring him to work in excess of forty hours per

week without paying him the minimum wage and overtime compensation required by federal

and state laws.

2.      Plaintiff now brings this action to recover unpaid minimum and overtime wages,

"spread of hours" pay, liquidated damages, interest, attorneys' fees, and costs pursuant to

The Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New York

Minimum Wage Act, N.Y. Lab. Law §§ 650 *et seq.* ("NYLL"), and the "spread of hours" wage

order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, §

137-1.7 (2006) (the "Spread of Hours Wage Order").

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1337

and by 29 U.S.C. § 216. Supplemental jurisdiction over Plaintiff's state law claims is conferred

by 28 U.S.C. § 1367(a).

4.      Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a

substantial part of the events or omissions giving rise to the claims occurred in the State of New

York within this district.

## THE PARTIES

5.      Plaintiff Victor Cholula, who resides in New York County, New York, was an

employee of Defendant.

6.      Defendant B & B Street Market Corp. ("B & B") is a corporation organized and

existing under the laws of the State of New York. B & B owned and operated a deli located at

1566 Third Avenue, New York, New York 10128 at all times relevant to this complaint. In each

year from 2000 to the present, B & B had gross annual sales of over $500,000.

## FACTUAL ALLEGATIONS

7.      B & B is a bodega that sells coffee, sandwiches, newspapers, flowers, snack

foods, beverages, lottery tickets, cigarettes, and beer. In addition, it carries numerous grocery

items such as bread, milk, pet food, orange juice, eggs, and toilet paper.

8.      B & B is open twenty-four hours per day, seven days per week. B & B organizes its employees into two work shifts. Employees assigned to the day shift worked from 7:30 a.m. until 7:30 p.m., and employees assigned to the night shift worked from 7:30 p.m. until 7:30 a.m.

9.      On average, B & B grossed in excess of $2,500 per day.

10.     Plaintiff was employed by Defendant from on or about 1991 to on or about December 16, 2005. While employed by Defendant, Plaintiff prepared food, unloaded deliveries, organized and stocked shelves, cleaned the stores, and handled cashier duties, which included processing credit card payments.

11.     Plaintiff did not possess any managerial responsibilities. Nor did Plaintiff's job position require discretion or independent judgment.

12.     At all relevant times to this matter, Plaintiff reported to the Korean woman, who upon information and belief, owned B & B. She controlled Plaintiff's terms and conditions of employment, work schedule, rate of pay, and method of compensation.

13.     Defendant regularly required Plaintiff to work 72 hours per week at the deli and assigned him to work the day shift (from 7:30 a.m. until 7:30 p.m.), six days per week. On occasion, Plaintiff worked seven days per week.

14.     Defendant paid Plaintiff in cash, as follows:

   a.  prior to 2000, Defendant paid Plaintiff $250 per week;
   b.  from 2000 to 2004, Defendant paid Plaintiff $350 per week; and
   c.  from on or about January 2005 until his termination, Defendant paid Plaintiff $600 per week.

15.     Each week, the female Korean owner handed Plaintiff, as well as the other employees, an envelope containing their cash wages.

16.     On numerous occasions, Plaintiff complained to the Korean female owner that he was entitled to, but did not receive, overtime premium compensation. However, she flatly denied his request, and told him "what I'm paying you is enough."

17.     On or about December 2005, Defendant hired a new male Korean manager. Shortly before terminating Plaintiff's employment, the manager stated that Plaintiff "didn't deserve any pay" and that "Mexicans were garbage."

18.     Defendant willfully disregarded and purposefully evaded the recordkeeping requirements of the FLSA and NYLL by neglecting to maintain accurate timesheets and payroll records. Specifically, Defendant neglected to maintain records indicating the number of hours Plaintiff worked each day, the total number of hours Plaintiff worked each workweek, including the time of arrival and departure for each employee working a split shift or spread of hours exceeding ten.

19.     In addition, Defendant failed to include a statement of "hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions, and net wages" each time they paid Plaintiff.

20.     Defendant denied Plaintiff time off for meals and breaks in violation of New York Labor Law § 162.2. Plaintiff received neither the 30 minute noonday break period for employees who work shifts of more than 6 hours that extend over the noonday meal period, nor the additional 20 minute break between 5 p.m. and 7 p.m. for those employed on a shift starting before 11 a.m. and continuing after 7 p.m.

**FIRST CAUSE OF ACTION**
**Violation of the Minimum Wage Provisions of the FLSA**

21.     Plaintiff repeats and realleges the paragraphs above.

22.     At all times relevant to this action, Defendant was engaged in interstate commerce or in an industry or activity affecting commerce. Its employees used or handled goods that were moved or produced in interstate commerce.

23.     At all times relevant to this action, Plaintiff used or handled goods that were moved or produced in interstate commerce.

24.     Defendant constitutes an enterprise within the meaning of 29 U.S.C. § 203(r).

25.     At all times relevant to this action, Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203 (d). Defendant had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

26.     Defendant willfully and intentionally failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206 (a).

27.     Defendant willfully and intentionally failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

28.     Defendant's failure to pay Plaintiff at the applicable minimum hourly rate and failure to pay overtime compensation were willful within the meaning of 29 U.S.C. § 255(a).

29.     Plaintiff has been damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### Violation of the Minimum Wage and
### Overtime Provisions of the New York Labor Law

30.     Plaintiff repeats and realleges all the paragraphs above.

31.     At all times relevant to this action, Defendant was Plaintiff's employer within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendant had the power to hire and fire Plaintiff,

control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

32.     Defendant failed to pay Plaintiff at the applicable minimum hourly rate, in violation of the New York Minimum Wage Act and its supporting regulations.

33.     Defendant willfully failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and 650 *et seq*. and supporting regulations of the New York State Department of Labor.

34.     Defendant's failure to pay Plaintiff at the applicable minimum hourly and overtime rates was willful within the meaning of N.Y. Lab. Law § 663.

35.     Defendant's NYLL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

36.     Defendant failed to pay Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

37.     Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### Violation of the Spread of Hours Wage Order of
### The New York Commission of Labor

38.     Plaintiff repeats and realleges all the paragraphs above.

39.     Defendant failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day in which his spread of hours exceeded ten in violation of the wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006).

40.     Defendant's failure to pay Plaintiff an additional hour's pay for each day his spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.

41.     Plaintiff has been damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant:

(a)     Declaring that Defendant has violated the minimum wage and overtime provisions of the FLSA and NYLL;

(b)     Declaring that Defendant has violated the Spread of Hours Wage Order of the New York Commission of Labor;

(c)     Declaring that Defendant's violations of the FLSA and NYLL were willful;

(d)     Awarding Plaintiff damages for the amount of unpaid minimum wage, overtime premiums, and Spread of Hours pay under the FLSA, NYLL, and the Spread of Hours Wage Order of the New York Commission of Labor;

(e)     Awarding Plaintiff liquidated damages owed pursuant to 29 U.S.C. § 216(b) and N.Y. Lab. Law § 198;

(f)     Awarding Plaintiff prejudgment interest;

(g)     Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees; and

(h)     For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands

a trial by jury on all claims so triable.

Dated: New York, New York
       September 27, 2006

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____S/_____
         Michael A. Faillace [MF-8436]
         110 East 59th Street, 32nd Floor
         New York, New York 10022
         Telephone:    (212) 317-1200
         Facsimile:    (212) 317-1620
         *Attorneys for Plaintiff*